**EMILY S. MILLER**, OSB No. 034348
Email: emily@millerinsurancelaw.com
**MARGARET E. SCHROEDER**, OSB No. 025748
Email: margie@millerinsurancelaw.com
MILLER INSURANCE LAW LLC
521 SW Clay Street, Portland, OR 97201
Telephone: (971) 255-1443
*Attorneys for Plaintiff 7-Eleven, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| 7-ELEVEN, INC., a Texas corporation,<br><br>　　　　　Plaintiff,<br>v.<br>ILLINOIS UNION INSURANCE COMPANY,<br>an Illinois insurance company;<br><br>　　　　　Defendant. | Case No. 3:25-cv-01677<br><br>**COMPLAINT**<br><br>**(Breach of Contract; Breach of Implied Covenant of Good Faith and Fair Dealing; Breach of Fiduciary Duty)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff 7-Eleven, Inc. ("7-Eleven") alleges as follows:

**PARTIES**

1.

7-Eleven is a Texas corporation with its principal place of business in Irving, Texas. 7-Eleven is in the business of franchising convenience stores around the country, including store no. 2363-25200E in Portland, Oregon, which was at all material times owned and operated by Abdelkrim and Laura El Fennir, dba 7-Eleven 25200 ("Franchisees").

/ / /

Page 1 – COMPLAINT

2.

Defendant Illinois Union Insurance Company, a Chubb company ("Chubb"), is an Illinois insurance company with its principal place of business in Chicago, Illinois. Chubb is authorized to issue and does issue insurance policies in the State of Oregon.

**JURISDICTION AND VENUE**

3.

This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, the federal diversity jurisdiction statute.

4.

The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5.

Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this District and because the insurance that is the subject of this action was issued in this District.

**GENERAL ALLEGATIONS**

6.

This insurance coverage action concerns Chubb's contractual and tort obligations to 7-Eleven as a scheduled additional insured under an insurance policy issued to 7-Eleven's Franchisees in Portland, Oregon.

/ / /

/ / /

/ / /

Page 2 – COMPLAINT

7.

Chubb issued a Commercial Liquor Liability Policy to Franchisees under policy number LQRORF149069274-003, effective December 31, 2020 to December 31, 2021 (the "Chubb Policy").

8.

Under the Chubb Policy, Chubb had the "right and duty to defend the insured" against any lawsuit seeking damages because of bodily injury "to which this insurance applies if liability for such 'injury' is imposed on the insured by reason of the selling, serving or furnishing of any alcoholic beverage."

9.

7-Eleven is scheduled as an additional insured by endorsement under the Chubb Policy with respect to its liability as grantor of a franchise to Franchisees.

10.

On December 7, 2022, Nikolas Folkestad filed a Complaint in Multnomah County Circuit Court Case No. 22CV41806 (the "Underlying Lawsuit") alleging claims for negligence and negligence *per se* against Franchisees and 7-Eleven for bodily injuries he sustained as a passenger in a car accident after the underage driver purchased alcohol at Franchisees' convenience store in Portland, Oregon.

11.

On September 25, 2023, 7-Eleven tendered the Underlying Lawsuit to Chubb.

12.

On information and belief, the following day on September 26, 2023, Chubb negotiated the material terms of a settlement ("Material Terms") that resolved all claims

against Franchisees in the Underlying Lawsuit, but as against 7-Eleven, resolved only Mr. Folkestad's vicarious liability claim. Chubb did so without notice to or communication with 7-Eleven.

13.

By letter dated October 12, 2023, Chubb accepted in part and denied in part 7-Eleven's tender, claiming that Chubb's coverage obligations to 7-Eleven were "limited to claims of vicarious liability asserted against [7-Eleven] with respect to its granting of a franchise to Franchisee" and denying any coverage for Mr. Folkestad's allegations that 7-Eleven, in its role as franchisor, was negligent in the training and supervision it provided to Franchisees. Chubb's letter omits any mention of settlement or the Material Terms.

14.

Chubb's denial of coverage to 7-Eleven was wrongful.

15.

On information and belief, as Chubb wrote and issued its October 12, 2023 coverage letter to 7-Eleven, Chubb was in the process of negotiating, through its appointed defense counsel for Franchisees, the documentation of the Material Terms in a formal settlement agreement ("Settlement Agreement").

16.

The Settlement Agreement was signed later that same month by Mr. Folkestad and his counsel on October 18, 2023 and by Franchisees and their Chubb-appointed defense counsel on October 20, 24, and 30, 2023.

/ / /

/ / /

Page 4 – COMPLAINT

17.

7-Eleven did not learn of the settlement for months and was not able to obtain a copy of the Settlement Agreement until or about April 24, 2024.

18.

As a result of Chubb's wrongful denial of defense and indemnity coverage and mishandling of the settlement, 7-Eleven incurred $78,003.11 in unreimbursed defense fees and costs in the Underlying Lawsuit and reasonably entered into a stipulated judgment ("Underlying Judgment") with the plaintiff for $200,000 in damages and $50,000 in pre-judgment interest to resolve the remaining claims against 7-Eleven in the Underlying Lawsuit.  7-Eleven has satisfied the Underlying Judgment in full.

## FIRST CLAIM FOR RELIEF

### (BREACH OF CONTRACT – DEFENSE AND INDEMNITY)

19.

7-Eleven realleges and incorporates by reference the preceding paragraphs.

20.

Under the Chubb Policy, Chubb had a duty to defend 7-Eleven in the Underlying Lawsuit and has a duty to indemnify 7-Eleven against the Underlying Judgment.

21.

7-Eleven complied with the terms and conditions of the Chubb Policy or is otherwise excused from doing so.

22.

Chubb breached its express contractual duties by failing to pay for any part of 7-Eleven's defense in the Underlying Lawsuit and any part of the Underlying Judgment.

23.

As a result of Chubb's breaches, 7-Eleven has been damaged in an amount to be proven at trial but which shall be equal to its defense fees and costs in the Underlying Lawsuit together with the amount of the Underlying Judgment.

24.

7-Eleven is also entitled to recover its attorney fees incurred herein pursuant to ORS 742.061, costs and disbursements, and pre-judgment interest pursuant to ORS 82.010. For 7-Eleven's defense fees and costs, pre-judgment interest is owed from the respective dates of invoicing. For 7-Eleven's payment of the Underlying Judgment, pre-judgement interest is owed from July 3, 2024.

## SECOND CLAIM FOR RELIEF

## (BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)

25.

7-Eleven realleges and incorporates by reference the preceding paragraphs.

26.

The Chubb Policy contains an implied covenant of good faith and fair dealing that obligates Chubb to act in good faith in handling the defense and indemnity of 7-Eleven in the Underlying Lawsuit.

27.

Chubb breached the implied covenant of good faith and fair dealing in one or more of the following particulars:

    a. By assuming control over the settlement of claims against 7-Eleven without informing 7-Eleven that it was doing so;

b. By negotiating any settlement on behalf of 7-Eleven without communicating with 7-Eleven about such settlement;

c. By using the Chubb Policy limits to settle only what Chubb viewed as covered claims and failing to include all claims against 7-Eleven in the settlement;

d. By elevating its own interests above those of its insured, 7-Eleven;

e. By justifying its position, at least in part, through a misrepresentation that the Chubb Policy's terms and conditions were somehow amended or limited by an extrinsic document that was not part of the Chubb Policy and could not amend or limit the Chubb Policy's terms and conditions under clear, settled, and controlling Oregon law.

28.

As a result of Chubb's breach, Chubb is liable for all of 7-Eleven's defense fees and costs in the Underlying Lawsuit after the date of said breach together with the full amount of the Underlying Judgment.

29.

7-Eleven is also entitled to recover its attorney fees incurred herein pursuant to ORS 742.061, costs and disbursements, and pre-judgment interest pursuant to ORS 82.010. For 7-Eleven's defense fees and costs, pre-judgment interest is owed from the respective dates of invoicing. For 7-Eleven's payment of the Underlying Judgment, pre-judgement interest is owed from July 3, 2024.

/ / /

/ / /

/ / /

Page 7 – COMPLAINT

## THIRD CLAIM FOR RELIEF

## (BREACH OF FIDUCIARY DUTY)

30.

7-Eleven realleges and incorporates by reference the preceding paragraphs.

31.

Chubb assumed control over the settlement of claims against 7-Eleven in the Underlying Lawsuit by actually exerting said control and engaging in settlement negotiations on behalf of 7-Eleven that culminated in the Materials Terms and Settlement Agreement.

32.

Having done so, Chubb assumed a special relationship with 7-Eleven requiring Chubb to act as a fiduciary and subjecting Chubb to a heightened duty of care in fulfilling its duties to 7-Eleven relating to, among other things, all aspects of the investigation, defense, and settlement of the Underlying Lawsuit.

33.

Chubb breached its fiduciary duty in one or more of the following particulars:

a. By assuming control over the settlement of claims against 7-Eleven without informing 7-Eleven that it was doing so;

b. By negotiating any settlement on behalf of 7-Eleven without communicating with 7-Eleven about such settlement;

c. By using the Chubb Policy limits to settle only what Chubb viewed as a covered claim and failing to include all claims against 7-Eleven in the settlement;

d. By elevating its own interests above those of its insured, 7-Eleven;

e. By justifying its position, at least in part, through a misrepresentation that the Chubb Policy's terms and conditions were somehow amended or limited by an extrinsic document that was not part of the Chubb Policy and could not amend or limit the Chubb Policy's terms and conditions under clear, settled, and controlling Oregon law.

34.

As a foreseeable and direct consequence of Chubb's breach of its fiduciary duty:

a. 7-Eleven incurred its own defense fees and costs to protect its rights in the Underlying Lawsuit; and

b. The Underlying Judgment was entered in the Underlying Lawsuit.

35.

As a result of Chubb's breach, Chubb is liable for all of 7-Eleven's defense fees and costs in the Underlying Lawsuit after the date of said breach together with the full amount of the Underlying Judgment.

36.

Chubb's conduct shows a reckless and outrageous indifference to a highly unreasonable risk of harm and a conscious indifference to the welfare of its insured. Nothing about Chubb's conduct is limited to the circumstances of this case, and if not curbed, Chubb and other insurers may continue to negotiate partial settlements that elevate the insurer's interests over the insured's and, under the insurer's view of coverage, use available limits to protect the insurer without regard to whether the insured is fully protected—all in apparent secrecy and without notice to the insured until well after

the settlement is completed. Pursuant to ORS 31.730, Chubb is liable for punitive damages in the amount of $1,000,000.

## JURY DEMAND

37.

7-Eleven requests a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, 7-Eleven prays for judgment as follows:

1. On the First Claim for Relief (Breach of Contract – Defense and Indemnity):

    a. Damages equal to 7-Eleven's defense fees and costs in the Underlying Lawsuit and 7-Eleven's payment satisfying the Underlying Judgment;

    b. Pre-judgment interest on:

        i. 7-Eleven's defense fees and costs from the respective dates of invoicing for said amounts; and

        ii. 7-Eleven's payment satisfying the Underlying Judgment from July 3, 2024;

    c. Costs and disbursements;

    d. Reasonable attorney fees pursuant to ORS 742.061;

    e. Such other and further relief as the Court may deem just and proper.

/ / /

/ / /

/ / /

/ / /

2. On the Second Claim for Relief (Breach of Implied Covenant of Good Faith and Fair Dealing):

   a. Damages equal to 7-Eleven's defense fees and costs in the Underlying Lawsuit and 7-Eleven's payment satisfying the Underlying Judgment;

   b. Pre-judgment interest on:

      i. 7-Eleven's defense fees and costs from the respective dates of invoicing for said amounts; and

      ii. 7-Eleven's payment satisfying the Underlying Judgment from July 3, 2024;

   c. Costs and disbursements;

   d. Reasonable attorney fees pursuant to ORS 742.061; and

   e. Such other and further relief as the Court may deem just and proper.

3. On the Third Claim for Relief (Breach of Fiduciary Duty):

   a. Damages equal to 7-Eleven's defense fees and costs in the Underlying Lawsuit and 7-Eleven's payment satisfying the Underlying Judgment;

   b. Pre-judgment interest on:

      i. 7-Eleven's defense fees and costs from the respective dates of invoicing for said amounts; and

      ii. 7-Eleven's payment satisfying the Underlying Judgment from July 3, 2024;

   c. Costs and disbursements;

   d.  Punitive damages in the amount of $1,000,000; and

   e.  Such other and further relief as the Court may deem just and proper.

DATED this 17th day of September, 2025.

          MILLER INSURANCE LAW LLC


         By  s/ Margaret E. Schroeder
          Emily S. Miller, OSB No. 034348
          Margaret E. Schroeder, OSB No. 025748
          Email: emily@millerinsurancelaw.com;
          margie@millerinsurancelaw.com
          *Attorneys for Plaintiff 7-Eleven, Inc.*